**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Case No.  1:14-cv-02675-WYD-MJW

STEVEN LAUDE, JR.

      Plaintiffs,

  V.

GTF SERVICES, LLC,
STANDLEY & ASSOCIATES, LLC,
EQUIFAX INFORMATION SERVICES, LLC,
EXPERIAN INFORMATION SOLUTIONS, INC., AND
TRANS UNION, LLC,

      Defendants.

---

## STIPULATED ORDER PROTECTING CONFIDENTIAL INFORMATION
( Docket No 28-1 )

---

IT IS HEREBY STIPULATED by and between Plaintiff Steven Laude, Jr. and

Defendants Experian Information Solutions, Inc. ("Experian"), Equifax Information

Services, LLC ("Equifax"), and Trans Union, LLC ("Trans Union") through their

respective attorneys of record, as follows:

WHEREAS, documents and information have been and may be sought,

produced or exhibited by and among the parties to this action relating to trade secrets,

confidential research, development, technology or other proprietary information

belonging to the defendants and/or personal income, credit and other confidential

information of Plaintiff.

THEREFORE, an Order of this Court protecting such confidential information

shall be and hereby is made by this Court on the following terms:

    1.    This Order shall govern the use, handling and disclosure of all documents,

testimony or information produced or given in this action which are designated to be

subject to this Order in accordance with the terms hereof.

2.     Any party or non-party producing or filing documents or other materials in this action may designate such materials and the information contained therein subject to this Order by typing or stamping on the front of the document, or on the portion(s) of the document for which confidential treatment is designated, "Confidential."

3.     If a Producing Party believes in good faith that, despite the provisions of this Protective Order, there is a substantial risk of identifiable harm if particular documents it designates as "Confidential" are disclosed to all other Parties or non-parties to this action, the Producing Party may designate those Particular documents as "Confidential—Attorneys' Eyes Only."

4.     To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court incorporate documents or information subject to this Order, the party filing such papers shall designate such materials, or portions thereof, as "Confidential" or "Confidential—Attorneys' Eyes Only," and shall file them as restricted in accordance with D.C.COLO.LCivR 7.2.

5.     All documents, transcripts, or other materials subject to this Order, and all information derived therefrom (including, but not limited to, all testimony, deposition, or otherwise, that refers, reflects or otherwise discusses any information designated Confidential hereunder), shall not be used, directly or indirectly, by any person, including the other defendants, for any business, commercial or competitive purposes or for any purpose whatsoever other than solely for the preparation and trial of this action in accordance with the provisions of this Order.

6.     Except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential," or pursuant to prior Order after notice, any document, transcript or pleading given "Confidential" treatment under this Order, and any information contained in, or derived from any such materials (including but not limited to, all deposition testimony that refers, reflects or otherwise discusses

2

any information designated confidential hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (a) the Court and its officers; (b) parties to this litigation; (c) counsel for the parties, whether retained counsel or in-house counsel and employees of counsel assigned to assist such counsel in the preparation of this litigation; (d) fact witnesses subject to a proffer to the Court or a stipulation of the parties that such witnesses need to know such information; (e) present or former employees of the producing party in connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure); and (f) experts specifically retained as consultants or expert witnesses in connection with this litigation.

7.     Except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential—Attorneys' Eyes Only," or pursuant to prior Order after notice, any document, transcript or pleading given "Confidential—Attorneys Eyes Only" treatment under this Order, and any information contained in, or derived from any such materials (including but not limited to, all deposition testimony that refers, reflects or otherwise discusses any information designated confidential hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Declaration of Compliance" that is attached hereto as Exhibit A; (b) Experts specifically retained as consultants or expert witnesses in connection with this litigation who have signed the "Declaration of Compliance" (Exhibit A); (c) the Court and its personnel; (d) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Declaration of Compliance" (Exhibit A); and (e) the author of the document or the original source of the information.

8.      Documents produced pursuant to this Order shall not be made available to any person designated in Subparagraph 6(f) or 7(b) unless he or she shall have first read this Order, agreed to be bound by its terms, and signed the attached Declaration of Compliance.

9.      All persons receiving any or all documents produced pursuant to this Order shall be advised of their confidential nature.  All persons to whom confidential information and/or documents are disclosed are hereby enjoined from disclosing same to any person except as provided herein, and are further enjoined from using same except in the preparation for and trial of the above-captioned action between the named parties thereto.  No person receiving or reviewing such confidential documents, information or transcript shall disseminate or disclose them to any person other than those described above in Paragraph 6 and Paragraph 7 and for the purposes specified, and in no event shall such person make any other use of such document or transcript.

10.     Nothing in this Order shall prevent a party from using at trial any information or materials designated "Confidential" or "Confidential—Attorneys' Eyes Only."

11.     This Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action.  Neither the entry of this Order, nor the designation of any information, document, or the like as "Confidential" or "Confidential—Attorneys' Eyes Only," nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

12.     Within sixty (60) days after the final termination of this litigation, all documents, transcripts, or other materials afforded confidential treatment pursuant to this Order, including any extracts, summaries or compilations taken therefrom, but excluding any materials which in the good faith judgment of counsel are work product materials, shall be returned to the individual or entity having produced or furnished same.

4

13. In the event that any party to this litigation disagrees at any point in these proceedings with any designation made under this Protective Order, the parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party objecting to the designation may seek appropriate relief from this Court. During the pendency of any challenge to the designation of a document or information, the designated document or information shall continue to be treated as "Confidential" or "Confidential—Attorneys' Eyes Only" subject to the provisions of this Protective Order.

14. Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of documents, transcripts and materials afforded confidential treatment pursuant to this Order.

The Court retains the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

Dated: December 18 , 2014         Respectfully submitted,


By: */s/ Brianne M. Jackson*
    Brianne M. Jackson

JONES DAY
CA Bar No. 287669
3161 Michelson Drive, Suite 800
Irvine, CA 92612
Telephone: (949) 851-3939
Facsimile: (949) 553-7539
Email: bjackson@jonesday.com

Robyn B. Averbach, Esq.
CAMPBELL, LATIOLAIS & AVERBACH, LLC
825 Logan Street
Denver, CO 80203
Telephone: (303) 831-5990
Facsimile: (303) 832-7144
Email: raverbach@cla-law.net
*Attorney for Defendant*
*Experian Information Solutions Inc.*

Dated:December 18, 2014         Respectfully submitted,


By: */s/*
    Matthew R. Osborne

Matthew R. Osborne, PC
10465 Melody Drive, Suite 325
Northglenn, CO 80234
T: (303) 759-7018; F: (720) 210-9870
Email: matt@mrosbornelawpc.com
*Attorney for Plaintiff Steven Laude, Jr.*

6

Dated: December 18, 2014

Respectfully submitted,


By: */s/ Brian P. Gaffney*
        Brian P. Gaffney

Brian P. Gaffney
Snell & Wilmer L.L.P.
1200 Seventeenth Street
Tabor Center, Suite 1900
Denver, Colorado 80202
Phone: (303) 634-2077
Fax: (303) 634-2020
Email: bgaffney@swlaw.com
*Attorney for Defendant*
*Equifax Information Services, LLC*


Dated: December 18, 2014

Respectfully submitted,


By: */s/ Benton J. Barton*
        Benton J. Barton

HALLS & EVANS, LLC
1001 Seventeenth Street, Suite 300
Denver, CO 80202
Tel:   (303) 628-3300
Fax:   (303) 628-3368
Email: Bartonb@hallevans.com
*Attorney for Defendant*
*Trans Union, LLC*


IT IS SO ORDERED.

Dated: December 19, 2014

_____

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

## EXHIBIT A

## DECLARATION OF COMPLIANCE

I, _____, declare as follows:

1.     My address is

_____.

2.     My present employer is _____.

3.     My present occupation or job description is

_____.

4     I have received a copy of the Stipulated Protective Order entered in this action on _____, 20___.

5.     I have carefully read and understand the provisions of this Stipulated Protective Order.

6.     I will comply with all provisions of this Stipulated Protective Order.

7.     I will hold in confidence, and will not disclose to anyone not qualified under the Stipulated Protective Order, any information, documents or other materials produced subject to this Stipulated Protective Order.

8.     I will use such information, documents or other materials produced subject to this Stipulated Protective Order only for purposes of this present action.

9.     Upon termination of this action, or upon request, I will return and deliver all information, documents or other materials produced subject to this Stipulated Protective Order, and all documents or things which I have prepared relating thereto, which documents are the subject of the Stipulated Protective Order, to my counsel in this action, or to counsel for the party by whom I am employed or retained or from whom I received the documents.

10.     I hereby submit to the jurisdiction of this Court for the purposes of enforcing the Stipulated Protective Order in this Action.

8

I declare under penalty of perjury under the laws of the United States that the following is true and correct.

Executed this _____ day of _____, 20___ at _____.

_____
QUALIFIED PERSON