IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02675-WYD-MJW

STEVEN LAUDE, JR.,

Plaintiff,

v.

GTF SERVICES, LLC,
STANDLEY & ASSOCIATES, LLC,
EQUIFAX INFORMATION SERVICES, LLC,
EXPERIAN INFORMATION SOLUTIONS, INC., and
TRANS UNION, LLC,

Defendants.

---

**REPORT AND RECOMMENDATION**
**on**

**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**
**(Docket No. 36)**

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

Plaintiff moved for default judgment against Defendants GTF Services, LLC and

Standley & Associates, LLC., and the motion has been referred to the undersigned.

(Docket Nos. 36 & 37.)  No response has been filed by either defendant.  The Court has

reviewed the motion and its attached exhibits, taken judicial notice of the court's file in

this case, and reviewed the applicable Federal Rules of Civil Procedure, case law, and

statutes.  Now being fully informed, the Court makes the following findings, conclusions,

and recommendation that the motion be granted.

2

## Discussion

Plaintiff filed his complaint on September 29, 2014.  (Docket No. 1.)  It makes one claim for relief against Defendants Standley & Associates and GTF Services, LLC under the Fair Debt Collection Practices Act, asking for actual damages, statutory damages, and attorneys' fees and costs.  (*Id.* at 10-11, 13.)  On December 15 and 16, 2014, Plaintiff filed proof that Defendants Standley & Associates and GTF Services, LLC had been personally served in compliance with Federal Rule of Civil Procedure 4. (Docket Nos. 22 & 26.)  No imperfections or irregularities appear on the face of the proof of service.  (*See id.*)  Following Plaintiff's motion for default judgment, the clerk entered default under Rule 55(a).  (Docket Nos. 32 & 33.)

Rule 55(b)(2) provides the authority for the District Court to enter default judgment.  After an entry of default, a defendant cannot defend a claim on the merits. *See Olcott v. Delaware Flood Co.,* 327 F.3d 1115, 1125 (10th Cir. 2003) ("defendant, by his default, admits the plaintiff's well-pleaded allegations of fact") (citing *Jackson v. FIE Corp.,* 302 F.3d 515, 525 (5th Cir. 2002)).  Even after entry of default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate basis for the entry of a judgment.  *See McCabe v. Campos*, No. 05-cv-00846-RPM, 2008 WL 576245, at *2 (D. Colo. Feb. 28, 2008) (citing *Black v. Lane,* 22 F.3d 1395, 1407 (7th Cir. 1994)).  "[A] party is not entitled to a default judgment as of right; rather the entry of a default judgment is entrusted to the 'sound judicial discretion' of the court." *Cablevision of Southern Connecticut, Ltd. P'ship v. Smith,* 141 F.Supp.2d 277, 281 (D. Conn. 2001).  In determining whether a claim for relief has been established, the well-

3

pleaded facts of the complaint relating to liability are deemed true.  *Id.*  In addition, the

court accepts the undisputed facts set forth in any affidavits and exhibits.  *Deery*

*American Corp. v. Artco Equip. Sales, Inc.,* No. 06-cv-01684-EWN-CBS, 2007 WL

437762, at *3 (D. Colo. Feb. 6, 2007).

*Liability*

The allegations in the Complaint, taken to be true for purposes of default

judgment, establish the Court's jurisdiction over the lawsuit and the parties.  The case

arises under federal law—the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C.

§§ 1692 *et seq.*—and the Court therefore has subject-matter jurisdiction under 28

U.S.C. § 1331.  Defendants GTF Services, LLC and Standley & Associates LLC, LLC

are alleged to be organized and to have primary business locations in the State of

Colorado; service on them was valid and effective (by personal in-hand service upon

Defendants' registered agent), and the Court therefore has personal jurisdiction over

them.  Finally, as Defendants are organized under the laws of the state of Colorado and

engaged in the alleged wrongful conduct within the state of Colorado, the Court finds

that venue is proper in the State and District of Colorado under 28 U.S.C. § 1391.

As to the merits of Plaintiff's claim, the allegations in the Complaint establish that

Defendants are debt collectors who attempted to collect debts from Plaintiff that were

not actually owed by Plaintiff, and attempted to use false credit reporting to coerce

Plaintiff to pay the wrongful debt.  These facts suffice to state a violation of the FDCPA.

*See Villanueva v. Account Discovery Sys., LLC*, ___ F. Supp. 3d. ___, No. 14-cv-

00395-WYD-KLM, 2015 WL 148965, at *9 (D. Colo. Jan. 12, 2015) (setting out

4

elements of FDCPA liability and allegations of those elements sufficient for default

judgment).

Defendants GTF Services, LLC and Standley & Associates, LLC are both

business entities.  The Court finds that these Defendants are not minors, incompetents,

or in the military service, and have not entered an appearance.

<u>Damages</u>

Default judgment cannot be entered under Rule 55(b)(2) until the amount of

damages has been ascertained. *See Herzfeld v. Parker,* 100 F.R.D. 770, 773 (D. Colo.

1984).  A default judgment for money damages must be supported by proof.  *Klapprott*

*v. United States,* 335 U.S. 601, 611–12 (1949).  This requirement ensures that a plaintiff

is not awarded more in damages than can be supported by actual evidence.  *See id.*

Whether to conduct a hearing for the purpose of ascertaining damages is discretionary;

the Court need not conduct a hearing if the amount claimed is a liquidated sum or one

capable of mathematical calculation.  *Hunt v. Inter-Globe Energy, Inc.,* 770 F.2d 145,

148 (10th Cir. 1985).

Plaintiff's motion for default judgment requests only statutory damages,

discarding the actual damages and attorneys' fees demanded in the Complaint.  The

FDCPA sets a statutory maximum amount of damages at $1,000 per proceeding. 15

U.S.C. § 1692k(a)(2)(A); *see also Wright v. Fin. Servs. of Norwalk,* 22 F.3d 647, 650–52

(6th Cir. 1994); *Harper v. Better Bus. Servs. Inc.,* 961 F.2d 1561, 1563 (11th Cir. 1992).

Thus, regardless of whether Plaintiff establishes a single violation or several violations

of the FDCPA, the amount of statutory damages remains the same. *See Harper,* 961

F.2d at 1563.  "All that is required for an award of statutory damages is proof that the statute was violated, although a court must then exercise its discretion to determine how much to award, up to the $1,000.00 ceiling." *Savino v. Computer Credit Inc.,* 164 F.3d 81, 86 (2nd Cir.1998) (citing *Bartlett v. Heibl,* 128 F.3d 497, 499 (7th Cir.1997)).  A determination that Defendant has committed one violation of the FDCPA is sufficient for the Court to find in favor of Plaintiff as to statutory damages.  *Santacruz v. Standley & Assoc., LLC,* 10-cv-00623-CMA-CBS, 2011 WL 1043338, at *7 (D. Colo. Mar. 17, 2011).

Pursuant to 15 U.S.C. § 1692k(b)(1), in determining the amount of statutory damages in an FDCPA action, the Court must consider, among other relevant factors, "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional."  15 U.S.C. § 1692k(b)(1) (2014); *Jackson v. Diversified Collection Servs., Inc.,* No. 09-cv-00680-WDM-BNB, 2010 WL 1931013 (D. Colo. May 13, 2010) (evaluating a request for increased statutory damages pursuant to Section 1692k(b)(1)).  As stated above, the Court finds that Defendant violated the FDCPA.  In light of this violation and Defendants' failure to respond to Plaintiff's Complaint, the Court recommends finding that the nature and willfulness of Defendants' noncompliance with the FDCPA justifies an award of $1,000 in statutory damages each against Defendant GTF Services, LLC and Defendant Standley & Associates, LLC.

6

## Recommendation

For the foregoing reasons, the undersigned RECOMMENDS that:

- Plaintiff's Motion for Default Judgment (Docket No. 36) be GRANTED;

- Default Judgment enter in favor of Plaintiff Steven Laude, Jr. and against Defendant GTF Services, LLC, in the amount of $1,000.00, along with postjudgment interest under 28 U.S.C. § 1961 from the date that judgment is entered until the judgment is paid in full;

- Default Judgment enter in favor of Plaintiff Steven Laude, Jr. and against Defendant Standley & Associates, LLC, in the amount of $1,000.00, along with postjudgment interest under 28 U.S.C. § 1961from the date that judgment is entered until the judgment is paid in full; and

- Plaintiff be awarded its costs, to be taxed by the Clerk of Court pursuant to Federal Rule of Civil Procedure 54(d)(1) and Local Civil Rule 54.1.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge, <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions, <u>Makin v. Colo. Dep't of Corr.</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>, 91 F.3d 1411, 1412-13 (10th Cir. 1996)**.

Dated: February 20, 2015            */s/ Michael J. Watanabe*
      Denver, Colorado            Michael J. Watanabe
           United States Magistrate Judge